WILLIAM A. FLETCHER, Circuit Judge,
dissenting:
I respectfully dissent from the majority’s holding that the district court properly granted Maryville Nursing Home’s (“Ma-ryville”) motion for summary judgment on Mihailescu’s workers’ compensation discrimination claim.
In May 2003, Mihailescu filed a workers’ compensation claim for a work-related back injury. On May 26, 2005, she filed a second workers’ compensation claim, again for a work-related back injury. On June 2, 2005, she invoked a restriction on lifting at work imposed by her doctor because of her most recent back injury. On June 3, 2005, only one day after invoking the restriction on lifting, and only eight days after filing her second workers’ compensation claim, Mihailescu was fired. Mary-ville’s only proffered legitimate, non-discriminatory reason for her termination that was not rejected by the district court was that Mihailescu had once refused to permit some nursing students from a community college to take residents’ vital signs, which had been “poor community relations.”
Maryville hired Mihailescu in 1989. Thereafter, for 16 years Mihailescu received consistent good performance reviews and regular salary increases. Given this long record of satisfactory service, Mihailescu’s refusal to permit students to take residents’ vital signs on one occasion, even if true, would not seem to warrant termination. Because of this, and because of the temporal proximity of Mihailescu’s workers’ compensation claim and her termination, I conclude that Mihailescu raises a question of fact regarding the genuine reasons for her termination that should be resolved by a jury.